UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN SILVA AGUILAR,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-00089 CKD<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born xx/xx/1974, applied on February 14, 2013 for SSI, alleging disability beginning December 9, 2008. Administrative Transcript ("AT") 9, 51, 132. In December 2008, plaintiff "slipped and fell off a roof, falling 10 feet, landing on his left hip and knee. He had immediate left knee effusion, back and hip pain." AT 11, 381.

1

Plaintiff alleged he was unable to work due to impairments related to his neck, back, shoulder, legs, hands, as well as depression and psychological impairments. AT 39. In a decision dated October 8, 2015, the ALJ determined that plaintiff was not disabled.[1] AT 9-19. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2014.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of December 9, 2008 through his date last insured of March 31, 2014.
>
> 3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine and depression.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. He is able to occasionally climb, balance, stoop, kneel, crouch, crawl, and overhead reach. He is able to perform simple repetitive tasks with occasional interaction with others, with minimal English communication.
>
> 6. Through the date last insured, the claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on October 22, 1974 and was 39 years old, which is defined as a younger individual on the date last insured.
>
> 8. The claimant has a limited education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from December 9, 2008, the alleged onset date, through March 31, 2014, the date last insured.

AT 11-18.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ failed to include limitations in concentrations, persistence and pace in plaintiff's residual functional capacity ("RFC"); (2) plaintiff's RFC is incompatible with janitorial work; and (3) the ALJ erroneously gave little weight to plaintiff's spouse's third-party function report.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. <u>Connett v. Barnhart</u>, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007), quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." <u>Tommasetti v. Astrue</u>, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, <u>Howard v. Heckler</u>, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. <u>See</u> <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. <u>Id.</u>; <u>see also</u> <u>Hammock v. Bowen</u>, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. <u>See</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A.  <u>Third-Party Function Report</u>

Plaintiff asserts that the ALJ erred by discounting the third-party function report submitted his wife, Alicia Mendoza. <u>See</u> AT 205-212. Plaintiff contends that Ms. Mendoza's statements, if credited, would result in additional limitations in his RFC. For example, Ms. Mendoza stated that plaintiff had difficulty sleeping and woke during the night due to pain and spasms. AT 206. She stated that he could only walk twenty minutes without stopping and had to rest for ten minutes after the exertion. AT 210. Ms. Mendoza also stated that plaintiff had difficulties with focus and concentration. AT 210.

The ALJ addressed this report, writing:

4

> The claimant's spouse completed a Function Report alleged [sic] that the claimant had difficulty sleeping due to pain, did minimal cooking and house chores and had to be often reminded. He had difficulty walking more than 20 minutes, was in pain, and had problems concentrating and performing postural activities. I give this statement little weight due to inconsistency with the medical evidence.

AT 15.

"[L]ay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence, and therefore cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993) (friends and family members in a position to observe a plaintiff's symptoms and daily activities are competent to testify to condition). "If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919.

Plaintiff argues that inconsistency with the medical evidence is not by itself a valid reason for discounting the testimony of a lay witness. See Diedrich v. Berryhill, 874 F.3d 634, 640 (9th Cir. 2017) (lack of support from the overall medical evidence is not a proper basis for disregarding third party's observations), citing Bruce v. Astrue, 557 F.3d 1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit [the witness's] lay testimony as not supported by medical evidence in the record."). Defendant counters that the ALJ may reject a lay witness's testimony where, instead of merely being unsupported, her statements are directly contradicted by evidence in the medical record. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ properly discounted layperson's statements as inconsistent with plaintiff's presentation to treating physicians).

Here, the ALJ discounted plaintiff's own testimony that he could only walk 15 minutes a day because "treatment notes indicate him walking 40 minutes almost every day or 45 minutes daily, and he did yard work as well." AT 16; see, e.g., AT 627 (April 2013 medical note stating that plaintiff "is able to do cooking, cleaning and yard work. He is walking up to 45 minutes per day. Sleep is six hours per night. . . . Gait is stable."). Reviewing the medical record, the ALJ noted conservative treatment of plaintiff's physical symptoms, various daily activities plaintiff

could perform, plaintiff's "cooperative, polite behavior" in a 2010 evaluation, his lack of continuing mental health treatment, and no extended periods of decompensation. AT 13-14, 16; see AT 458. Citing conflicting record evidence, the ALJ to some degree discounted plaintiff's own Function Report, which was filled out by Ms. Mendoza and, like hers, described plaintiff's difficulty sleeping, ability to walk for only twenty minutes followed by a ten-minute break, and concentration issues. AT 13-14, 183-190. The ALJ also found plaintiff's subjective complaints not fully credible in a finding not challenged by plaintiff. AT 15. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009) (where ALJ provided sufficient reasons for rejecting claimant's own testimony, "it follows that the ALJ also gave germane reasons for rejecting" similar testimony of lay witness). Thus any error in discounting Ms. Mendoza's report for inconsistency with the medical record was harmless.

      B.   Mental Limitations

Plaintiff asserts that the RFC failed to incorporate limitations in concentration, persistence and pace. Earlier in the decision, the ALJ concluded: "[The] evidence shows that the claimant has moderate difficulties in maintaining concentration, persistence, and pace." AT 14. Plaintiff's RFC stated that he was "able to perform simple repetitive tasks with occasional interaction with others," and the hypothetical question to the vocational expert ("VE") included this limitation. AT 34.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). RFC is assessed based on the relevant evidence in the case record, including the medical history, medical source statements, and subjective descriptions and observations made by the claimant, family, neighbors, friends, or other persons. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(3). When assessing RFC, the ALJ must consider the claimant's "ability to meet the physical, mental, sensory, and other requirements of work[.]" 20 C.F.R. §§ 404.1545(a)(4).

In <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169, 1174 (9th Cir. 2008), the Ninth Circuit held that an ALJ's hypothetical to a VE adequately captures restrictions related to concentration, persistence, or pace when the assessment is consistent with restrictions identified in the medical testimony. In that case, the Ninth Circuit upheld an RFC finding limiting the claimant to "simple, routine, repetitive" work, as accounted for limitations evidenced by the record "related to concentration, persistence or pace." <u>Id.</u> at 1173-1174. See also, e.g., <u>Schmidt v. Colvin</u>, No. 2:12-cv-00016 KJN, 2013 WL 5372845, at *17 (E.D. Cal. Sept. 25, 2013) ("'Moderate' mental limitations are not necessarily inconsistent with an RFC for 'simple' tasks, as long as such assessment is generally consistent with the concrete restrictions identified in the medical evidence."), citing <u>Stubbs-Danielson</u>, 539 F.3d at 1174.

Here, it appears the ALJ translated plaintiff's moderate mental limitation in concentration, persistence and pace to a limitation to simple, repetitive tasks in the RFC. Few restrictions related to mental issues are identified in the medical evidence. State agency reviewing physicians Dr. Schumacher and Dr. Kerns diagnosed plaintiff with mild mental limitations. AT 16, 45, 57. In a 2010 psychological assessment, Dr. Thomas diagnosed plaintiff with pain disorder and mild depressive and anxiety disorders; he also assessed a GAF of 68, indicating mild symptoms. AT 460-461. Dr. Thomas also found plaintiff to have "just below average pain coping beliefs" and chronic pain in his lower back and going down his left knee. AT 456, 461. Numerous mental status examinations in the record reflect a pleasant and stable mood and intact concentration and memory. <u>E.g.</u>, AT 451, 465, 601, 627, 851, 992, 1023. Citing the 2010 report and plaintiff's self-reported difficulty with memory, completing tasks, concentration, understanding, and following instructions, the ALJ found plaintiff to have moderate difficulties in maintaining concentration, persistence, or pace. AT 14. The undersigned concludes that the RFC is permissible under <u>Stubbs-Danielson</u> and supported by substantial evidence.

C. <u>Janitorial Work</u>

Lastly, plaintiff argues that he was incapable of performing one of the three jobs identified by the VE. The VE testified that someone with plaintiff's RFC could perform the requirements for light assembly, housekeeper, and janitorial positions. AT 18, 34. Plaintiff asserts that he

could not perform janitorial work because the DOT classifies it as reasoning level 3. He does not challenge the finding that he could perform the other two jobs identified. See 20 C.F.R. § 404.1566(b) (providing that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet") (emphasis added). See also Thomas v. Comm'r, 480 F3d. Appx. 462, 464 (9th Cir. 2012) (affirming ALJ even though claimant could not perform two identified jobs because she could perform the remaining job of housekeeper, which existed in significant numbers in the national economy). Thus any error with respect to the janitorial job would be harmless.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 21) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 25) is granted; and

3. Judgment is entered for the Commissioner.

Dated: August 6, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/aguilar089.ssi.ckd

8